UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEAN VICKNAIR

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS AND THE
STATE OF LOUISIANA

CIVIL ACTION

NO. 10-CV-551

## **RULING**

This matter is before the Court on a Motion for Summary Judgment by Defendants Louisiana Department of Public Safety and Corrections and the State of Louisiana ("DPS") (doc. 23). Plaintiff Dean Vicknair ("Vicknair") filed on opposition (doc. 27) and Defendants replied (doc. 28). The Court has jurisdiction under 42 U.S.C. § 1331. Plaintiff also filed a Motion to Reconsider (doc. 26) the Court's earlier ruling (doc. 19). DPS filed an opposition (doc. 31). For the following reasons both motions are DENIED.

First, the Court will address the motion to reconsider. In the earlier ruling, the Court granted summary judgment to DPS, disposing of all claims except Plaintiff's retaliation claim based on his suspension. (Doc. 19). Plaintiff appears to be asking the Court to reinstate the dismissed claims, specifically for constructive discharge and also for retaliation through reassignment. The Court uses the word "appears" because the memorandum in support (doc. 16-1) is one of the most indecipherable briefs the Court has ever had filed in support of a

motion.  It does not discuss the legal standard for any of its requested actions, it does not discuss any of the procedural history, and, most importantly, it does not say what it wants the Court to do.  The memorandum concludes, ""[t]hus, should this Court find that summary judgment is not appropriate as to the retaliation claim." (Doc. 26-1 at 7) (internal quotation marks omitted).  Aside from being a fragment, this sentence only addresses one claim. Nonetheless, as the brief is filled with block quotes[1] that seem to indicate Plaintiff feels the Court erred in its earlier ruling regarding both claims, the Court will address them both.

As for the retaliation claim based on Plaintiff's reassignment, the Court finds no manifest error in its earlier decision.  While Plaintiff points to evidence that there may in fact have been a change in job title—he does not expressly say as much—the Court notes that the salary and job descriptions (doc. 26-1 at 2-3) are similar enough that one position would not be considered objectively worse than the other.  Plaintiff also does not argue that his salary was decreased by this transfer[2] or in any way show how the position was worse except for the fact that his new supervisor was not agreeable to him.  The Court finds Plaintiff has not met his burden for winning reconsideration of this claim.

Next, Plaintiff asks the Court to reconsider the grant of summary judgment on the constructive discharge claim in which he claims he was forced to retire

---

[1] In fact, the memorandum is entirely composed of quotations from the Court's prior ruling, the Complaint, or evidence.  There is almost a complete absence of legal argument.
[2] He merely points out that the salary range of the new position, $41,912 to $83,408, was slightly less than that of his alleged former position, $44,845 to $89,253. However, there is no allegation that he actually had his salary reduced.

2

early in order to avoid being fired.  In order to succeed on a claim of constructive discharge, a plaintiff must show that her employer created a work environment "so intolerable that a reasonable employee would feel compelled to resign." *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 771 (5th Cir. 2001).  Factors courts consider include: demotion, reduction in salary, reduction in job responsibilities, reassignment to menial or degrading work; badgering, harassment, or humiliation by the employer calculated to encourage resignation; or offers of early retirement that would make the employee worse off whether the offer was accepted or not.  *Id.* at 771-72.  "An employee's being told that he or she will be fired for cause does not, in and of itself, constitute constructive discharge." *Summit v. S-B Power Tool, (Skil Corp.), a Div. of Emerson Elec. Co.*, 121 F.3d 416, 421 (8th Cir. 1997).

Plaintiff's sole claim to support his constructive discharge claim is "the pending intent to terminate forced plaintiff to choose retirement out of fear of becoming uninsured and uninsurable . . . " Doc. 26-1 at 4).  The Court agrees with the Eighth Circuit and finds that the threat of being terminated for cause is not enough, on its own, to support a claim of constructive discharge.  Plaintiff's motion to reconsider is DENIED.

It its motion, Defendant seeks summary judgment on the lone remaining claim, that DPS suspended Plaintiff due to his filing an internal complaint against Jeya Selvaratnam.  As the Court has already been over this claim, it will treat this

motion also as a motion to reconsider. DPS points to no manifest error or new evidence not available previously and simply seeks to reargue the previous points. And while it may well prevail at trial, the Court finds no manifest error in its earlier ruling. The retaliation claim based on his suspension will move forward.

For these reasons, the motions (docs. 23 and 26) are DENIED.

Signed in Baton Rouge, Louisiana, on June 5, 2012.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**